**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 13, 2026

**Via ECF**
Honorable Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *Angelica Maria Suescun Contreras v. Judith Almodovar et al.*, No. 26 Civ. 1964 (AS)

Dear Judge Subramanian:

This Office represents the government in the above-referenced immigration habeas corpus action. On March 10, 2026, the Court issued an ordered enjoining Petitioner's transfer out of either the Eastern District of New York, the Southern District of New York, or the District of New Jersey absent the Court's prior approval. ECF Dkt. No. 3. I write respectfully to request the Court's approval, and to modify the injunction on transfer to permit Petitioner's transfer to a detention facility in the Western District of Pennsylvania, as discussed below.

Petitioner is currently being held in ICE's temporary hold room at 26 Federal Plaza, New York, New York, where she has been held since her arrest on March 10, 2026, pending placement at a detention facility. Based on Petitioner's criminal history,[1] she has been assigned a risk classification level of "high risk." Of the three districts in the Court's order, only the District of New Jersey has detention facilities that hold female ICE detainees (there are no facilities with the Southern or Eastern Districts of New York that hold female ICE detainees), but the facilities in New Jersey do not hold "high risk" female ICE detainees. ICE has identified the nearest detention facility that can accommodate a "high risk" female ICE detainee as Moshannon Valley Processing Center, located in Philipsburg, Pennsylvania.[2] We respectfully request that the Court promptly modify the injunction on transfer to permit Petitioner's transfer to the Moshannon facility so that she may be placed in a facility with access to a shower and bed.[3] Petitioner's counsel consents to Petitioner's transfer to the Western District of Pennsylvania.

[1] Petitioner was arrested by the NYPD on March 1, 2026, and charged with assault in the second degree, intent to cause physical injury with weapon pursuant to New York Penal Law ("N.Y.P.L.") § 120.05(2), and endangering the welfare of a child, N.Y.P.L. § 260.10.

[2] Although Philipsburg, Pennsylvania is mostly located in the Middle District of Pennsylvania, courts have held that the Moshannon Valley Processing Center itself is in the Western District of Pennsylvania.

[3] Because 26 Federal Plaza is not a detention facility, it does not have showers or beds. The temporary hold room is used to temporarily hold detainees during processing and pending transfer to a detention facility.

This modification would not affect the Court's jurisdiction over Petitioner's habeas action. *See, e.g.*, *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (holding that habeas jurisdiction lies in the district where the petitioner is detained at the time of filing, even if the petitioner is later transferred to a different district); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. 2025) (same).

I thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Tudor M. Neagu*

TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (via ECF)

GRANTED. The injunction is modified to permit transfer to the Western District of Pennsylvania.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 13, 2026